UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:22-cv-00357

**Lorie Williams et al.,**
*Plaintiffs*,
v.
**Riley Wingrove et al.,**
*Defendants*.

## OPINION AND ORDER

This lawsuit alleges that defendants' negligence in connection with their work at a Tyson Foods plant in Carthage, Texas, caused coworker David Williams Sr. to contract COVID-19, from which he ultimately died. Plaintiffs allege that defendant Riley Wingrove was negligent in failing to screen himself for COVID-19 before work and that defendants Tommy Brown and Micah Fenton—managers at the plant—negligently failed to provide a safe workplace. Plaintiffs are the family members and estate representative of decedent.

Defendants timely removed the case from state court to this court and filed a motion to dismiss the case for failure to state a claim on which relief can be granted. More than two months after the case was removed, plaintiffs moved to remand the case to state court. Plaintiffs also moved for leave to file an amended complaint.

The court grants plaintiffs' motion (Doc. 17) for leave to file an amended complaint adding Tyson Foods as a defendant. A court should "freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). It is still early in the case, and no prejudice to defendants has been shown from amendment. Defendants argue only that the claims against them are futile, not that the proposed claims against Tyson Foods would be futile. So plaintiffs' motion for leave to file an amended complaint is granted, and the tendered amended complaint is accepted.

Plaintiffs' amended motion (Doc. 16) to remand the case to state court is denied and plaintiff's original motion to remand (Doc. 11) is denied as moot. This court has original jurisdiction under 28 U.S.C. § 1332 based on complete diversity of citizenship between the two sides of the case. Only the citizenship of properly joined defendants counts; a court must dismiss the claims against and disregard the citizenship of defendants against whom the plaintiff has no "reasonable basis of recovery under state law." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). "The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* at 573. To survive under Rule 12(b)(6), a claim must plausibly plead facts and reasonable inferences that, when accepted as true, allow a court to conclude that the defendant is liable under the controlling, substantive law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, defendants Brown and Fenton are improperly joined. Plaintiffs' wrongful-death claims are controlled by Texas state law. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Under Texas law, the duty to provide employees with a safe workplace rests with the employer; it does not exist with employees and is not delegable to them. *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996) ("[T]he law charges the corporation itself, not the individual corporate officer, with the duty to provide the employee a safe workplace."). Of course, employees may be liable for their own tortious conduct. *Id.* But plaintiffs' claims against Brown and Fenton complain of failure to provide a safe workplace. Because the duty to provide a safe workplace lies only with Tyson Foods, the claims against Brown and Fenton fail to state a claim on which relief can be granted under Texas law. So the claims against Brown and Fenton are dismissed without prejudice, and their citizenship is disregarded. *See D & J Invs. Of Cenla, L.L.C. v. Baker Hughes a G E Co.*, 52 F.4th 187, 195 (5th Cir. 2022) (holding that dismissals of improperly joined nondiverse defendants are without prejudice).

The remaining original defendant, Wingrove, is alleged to be a citizen of Louisiana. The jurisdictional analysis also considers the defendant added in the amended complaint, Tyson Foods, which is alleged to be a citizen of Delaware and Arkansas. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987). Plaintiffs, on the other hand, are alleged to be citizens of Hawaii, Colorado, and Texas (as to the plaintiff representing the estate, who takes on the decedent's domicile). Complete diversity of citizenship thus exists. And the amount in controversy is over $75,000. So removal from state court was proper because this court has original jurisdiction over the action based on 28 U.S.C. § 1332. And because any one basis for jurisdiction suffices, the court need not consider whether federal-question or federal-officer jurisdiction also exists.

Plaintiffs also argue that removal is precluded by the forum-defendant rule of 28 U.S.C. § 1441(b). The forum-defendant rule is a forfeitable removal defect, however, and plaintiffs' reliance on it has been forfeited as untimely. *See In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991) (vacating remand order where plaintiff's remand motion raising that rule was not made within 30 days of removal). In any event, because the two Texas defendants have been dismissed as improperly joined, that argument would fail on the merits.

Finally, defendants' motion to dismiss (Doc. 5) is denied as moot because the amended complaint supersedes the original pleading. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). The amended complaint's claims against defendants Brown and Fenton are dismissed for the reasons given above. The remaining two defendants remain free to move to dismiss the amended complaint.

*So ordered by the court on September 11, 2023.*

J. CAMPBELL BARKER
United States District Judge